IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY SESSION, 1999

FILED

June 3, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9809-CC-00294 |
|---|---|---|
| Appellee, | ) | |
| | ) | |
| | ) | OBION COUNTY |
| V. | ) | |
| | ) | HON. WILLIAM B. ACREE, JR., |
| | ) | JUDGE |
| ANDRE DESHUN GOSS, | ) | |
| | ) | (POSSESSION OF COCAINE |
| Appellant. | ) | WITH INTENT TO SELL) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


**C. MICHAEL ROBBINS**              **PAUL G. SUMMERS**
46 North Third Street               Attorney General & Reporter
Suite 719
Memphis, TN 38103                   **J. ROSS DYER**
(On appeal)                         Assistant Attorney General
                                    2nd Floor, Cordell Hull Building
                                    425 Fifth Avenue North
**JOSEPH D. ATNIP**                 Nashville, TN 37243
District Public Defender
121 East Main
P.O. Box 734                        **THOMAS A. THOMAS**
Dresden, TN 38225                   District Attorney General
(At trial and of counsel on appeal)

                                    **JAMES T. CANNON**
                                    Assistant District Attorney General
                                    414 South Fourth
                                    P.O. Box 218
                                    Union City, TN 38281-0218


OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Andre Deshun Goss, appeals as of right following his conviction in the Obion County Circuit Court. Defendant was convicted by a jury of possession of cocaine with the intent to sell, simple possession of marijuana, and resisting arrest. In this appeal, Defendant argues there was insufficient evidence regarding his identity to support his conviction. We affirm the judgment of the trial court.

When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). On appeal, the State is entitled to the strongest legitimate view of the evidence and all inferences therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App.), perm. to appeal denied, id. (Tenn. 1987). Nor may this court

reweigh or reevaluate the evidence. Cabbage, 571 S.W.2d at 835. A jury verdict approved by the trial court accredits the State's witnesses and resolves all conflicts in favor of the State. Grace, 493 S.W.2d at 476.

Karl Jackson of the Union City Police Department was on bike patrol on March 14, 1998. At approximately 6:45 p.m., he and two (2) other police officers, Kevin Griffin and Lee Dearmitt, were eating dinner at the local Dairy Queen. They were discussing the Defendant, Andre Goss, during their dinner as there were outstanding warrants for his arrest. After they finished eating, Patrolman Griffin pointed out a Chevrolet Suburban which resembled Jackson's earlier description of the Defendant's vehicle. The vehicle was traveling northbound on Miles Avenue in front of Dairy Queen. The officers got on their bicycles and followed the vehicle. Jackson testified that he had arrested the Defendant on a prior occasion. When the Chevrolet Suburban pulled into a parking lot, Jackson approached the driver's side window and believed that the driver was Defendant Andre Goss.

Jackson spoke to the Defendant and to his passenger, Eric Johnson, who was sitting in the back seat. A third person, Darrell Brooks, was also in the vehicle. Defendant was asked to exit the vehicle and he complied. Defendant at first denied being Andre Goss, but then admitted he was in fact Andre Goss when Patrolman Milligan retrieved a copy of the outstanding warrant for Goss' arrest which had a photograph of Goss attached.

Defendant consented to a search of the vehicle, and Dearmitt performed the search. During the search, a loaded handgun was found. Defendant was handcuffed as a result. Jackson noticed that Defendant's left hand was "clinched

real tight," and he attempted to pry Defendant's hand open. Defendant refused and attempted to pull away. A struggle ensued, and a bag of crack cocaine fell from Defendant's hand to the ground. After Jackson retrieved the bag, Defendant did not resist arrest any further. Dearmitt performed a further search of the vehicle, finding a "rock" of cocaine in the driver's door pocket and a marijuana cigar butt. Fifteen hundred dollars ($1,500.00) was seized from the Defendant's person, but nothing was taken from Brooks or Johnson.

Defendant argues that because State witnesses failed to identify Defendant in-court and referred to him by "Andre Goss" or as the "driver," then the State failed to prove the specific identity of the Defendant as the driver of the Suburban in which the drugs and the weapon were found. However, Jackson's testimony is clear that the individual in the driver's seat of the vehicle was the Defendant, Andre Goss. Jackson recalled that he had arrested Andre Goss, the Defendant, on a prior occasion. Furthermore, the photograph which accompanied an outstanding warrant for Goss' arrest resembled the Defendant. Finally, the Defendant himself admitted to being Andre Goss after he was arrested. This Defendant is the same individual with whom the police struggled to arrest and who dropped a bag of crack cocaine. This Defendant is the same person who sat in the driver's seat of the Suburban, known to be the vehicle of the Defendant, where a marijuana cigar and a loaded handgun were found.

As Defendant notes within his brief, the State is required to prove that he was the person who committed the crime in question. White v. State, 533 S.W.2d 735, 744 (Tenn. Crim. App. 1975). This is a question of fact for the determination of the jury following consideration of the proof submitted at trial. Id.; State v. Crawford, 635

S.W.2d 704, 705 (Tenn. Crim. App. 1982). From the testimony of police officer Karl Jackson wherein he referred to the Defendant by name, the identity of the Defendant could be reasonably determined by the jury. State v. Phillips, 728 S.W.2d 21, 25 (Tenn. Crim. App. 1986). While an in-court identification of the Defendant was not made by Jackson, a courtroom identification is not a prerequisite to convict a defendant of a criminal offense. State v. Danny Morris, No. 01C01-9506-CC-00206, slip op. at 2, Humphreys County (Tenn. Crim. App., at Nashville, May 9, 1996) (Rule 11 application denied). There was certainly sufficient evidence whereby a rational trier of fact could have determined that Defendant, Andre Goss, was the perpetrator of this offense beyond a reasonable doubt based upon the testimony of Jackson.

We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge


CONCUR:


_____
JOHN H. PEAY, Judge


_____
JOE G. RILEY, Judge